IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ANTHONY LASKOWSKI, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. H-05-1428 |
| § | |
| ATTORNEY GENERAL OF TEXAS, BEATRICE DURON, employee of Attorney General of Texas, RANDY BOYKINS, employee of Attorney General of Texas, and MICHELLE LASKOWSKI VINSON, an individual, § § § § § § § § § § | |
| Defendants. § | |

## ORDER

Pending before the Court is State Defendants' Motion to Dismiss (Document No. 10) filed by the Office of the Attorney General and Randy Boykins. Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## BACKGROUND

On April 1, 2005, Charles Anthony Laskowski ("Laskowski") filed a complaint against the Attorney General of Texas, Beatrice Duron, Randy Boykins, and Michelle Laskowski Vinson alleging claims for violation of his constitutional rights, conversion,

negligence, breach of oral or implied agreement, mental anguish and emotional distress. Laskowski's claims stem from the Attorney General of Texas's alleged attempt to collect back child support from Laskowski that Laskowski alleges he does not owe. Laskowski served the Attorney General of Texas and Randy Boykins ("Defendants") via certified mail. On June 20, 2005, Defendants filed the instant motion asking the Court to dismiss the complaint filed by Laskowski due to improper service of process.

## LAW & ANALYSIS

In the motion to dismiss, Defendants Randy Boykins, an individual, and the Attorney General of Texas, a state agency, challenge the manner by which process was served. Specifically, Defendants allege service violated Rule 4(e) of the Federal Rules of Civil Procedure because service was not personal and did not follow the service rules of Texas. *See* FED. R. CIV. P. 4(e)(1)-(2); TEX. R. CIV. P. 103, 106(a)(2). Rule 4 sets forth the guidelines to determine what constitutes valid service of process. *See* FED. R. CIV. P. 4. Strict compliance with the Federal Rules of Civil Procedure is required for service of process. *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (stating that "service of process must occur in accordance with Federal Rule of Civil Procedure 4"); *see also Mid-Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297, 301-03 (7th Cir. 1991) (finding service ineffective although it was reasonably close to the required manner for service of process). *Pro*

*se* litigants are likewise required to strictly comply with the procedural rules governing service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). When service is challenged, the plaintiff bears the burden of proving process was validly served. *See Sys. Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(e) provides two methods for service of process on individual defendants: direct personal service or service according to the laws of the state in which the district court sits. *See* FED. R. CIV. P. 4(e)(1)-(2). Rule 4(j)(2) allows service of state organizations "by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Here, there is no allegation Laskowski personally served either Defendant moving to dismiss the complaint. In fact, Laskowski acknowledges he attempted to serve Defendants by certified mail. Therefore, the Court must look to Texas law to determine if Laskowski properly served Defendants.

Texas rules allow service by certified mail, but, the service of process is ineffective unless an authorized, uninterested person sends the certified mail. *See* TEX. R. CIV. P. 103, 106(a)(2); *see also Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985) (noting clerks, constables, or sheriffs are the only officers

authorized to serve process by mail).  Presently, the only persons authorized to serve process in Texas are "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103.

In order for Laskowski's certified mail service of process to be valid, it must have been sent by an authorized, uninterested party.  *See* TEX. R. CIV. P. 103, 106(a)(2); *see also Delta Steamships Lines*, 768 F.2d at 730.  Laskowski makes no claim that an authorized party mailed the process.  Nor does he proffer evidence to demonstrate he had an authorized, uninterested person serve the process by certified mail.  *See Cross v. City of Grand Prairie*, No. CIV.A. 3-96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998) (finding that plaintiff did not meet his burden to demonstrate validity of service when plaintiff "failed to provide any explanation or evidence to show that service . . . was proper").  Therefore, Laskowski fails to establish service of process on Defendants complied with the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P 103, 106(a)(2).  Moreover, Laskowski has not carried his burden of establishing service of process was valid under any provision of the Federal Rules

4

of Civil Procedure.[1]  Therefore Laskowski's claims against the Attorney General of Texas and Randy Boykins must be dismissed.  Accordingly, the Court hereby ORDERS that State Defendants' Motion to Dismiss (Document No. 10) filed by the Office of the Attorney General and Randy Boykins is GRANTED.  Plaintiffs' claims against the Attorney General of Texas and Randy Boykins are DISMISSED without prejudice.

SIGNED at Houston, Texas, on this 12th day of August, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge

---

[1] Because service of process is improper, the Court cannot exercise personal jurisdiction over Defendants. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).