UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY LASKOWSKI, <br> *Plaintiff,* | § <br> § <br> § | |
| vs. | § <br> § | CIVIL ACTION H-05-1428 |
| ATTORNEY GENERAL OF TEXAS, *et al.* <br> *Defendants.* | § <br> § <br> § | |

## MEMORANDUM AND ORDER

This case[1] involves state court child support proceedings against *pro se* plaintiff Charles Anthony Laskowski.[2] Before the court are FED. R. CIV. P. 12(b)(1) motions to dismiss brought by defendants Attorney General of Texas, Beatrice Duron, and Randy Boykin ("State Defendants") (Dkt. 33) and Michelle Laskowski Vinson (Dkt. 41). As explained below, the defendants' motions to dismiss are granted.[3]

## I. BACKGROUND

This case was transferred to this district from the Middle District of Pennsylvania. Laskowski asserts violations of his 5th, 7th, and 14th Amendment rights, breaches of oral and implied agreements, and negligence and emotional distress, all arising out of child

---

[1]  The parties have consented to the jurisdiction of this magistrate judge for all purposes, including trial.

[2]  A defendant in this case, Michelle Laskowski Vinson, is the former wife of plaintiff Charles Anthony Laskowski. Unless indicated otherwise, all references to "Laskowski" apply to the plaintiff.

[3]  In light of this ruling, other pending motions (Dkts. 47, 52, 62) are dismissed as moot.

support proceedings in Texas state courts. Laskowski avers disabling injuries prevented him from making required child support payments, and that he made numerous attempts over a period of years to have his child support obligations modified by the Child Support Division of the Attorney General of Texas. (Dkt. 1, pp. 2-7). In April 2001, Laskowski's Social Security Disability payments were garnished. (Dkt. 1, p. 4). On August 1, 2001 a Harris County district court found Laskowski to have child support arrearages of $14,778.30 (Dkts. 1, p. 4; 53, pp. 9-16) and ordered him to make monthly payments toward that amount. (Dkt. 53, p. 11). In March 2005, in response to an inquiry made by Laskowski, the Attorney General of Texas notified him that all legal remedies for his case had been exhausted, and his child support case would not be reviewed. (Dkts. 1, p. 4, P.Ex. 6; 53-2, p. 8).

Laskowski seeks to modify the Harris County district court order of August 1, 2001 concerning child support by reducing the arrearage amount. (Dkt. 1, p. 8). Laskowski also seeks monetary damages "plus interest costs." *Id*. at 7-14.

## II.   ANALYSIS

The State Defendants and defendant Vinson present substantially identical motions to dismiss, with the State Defendants also asserting sovereign immunity. The key argument presented in both motions is this court's lack of subject matter jurisdiction.

A challenge to the court's subject matter jurisdiction may be made pursuant to FED. R. CIV. P. 12(b)(1). A district court has the power to dismiss under the rule based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record;

or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996). In examining a Rule 12(b)(1) motion, the court is "empowered to consider matters of fact which may be in dispute." *Ramming*, 281 F.3d at 161 (*citing Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.*

A.   **Reduction of Child Support Arrearages**

The *Rooker-Feldman* doctrine[4] precludes federal district courts from exercising original jurisdiction to "review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). *Exxon Mobil* recently reiterated the limited scope of the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

---

[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

544 U.S. at 284. In other words, the doctrine applies only in "limited circumstances" under which the losing party in state court is effectively asking a federal district court to review and reject the state court judgment. *Id.* at 291.

Laskowski's principal claim falls neatly within the confines of the *Rooker-Feldman* doctrine. Laskowski seeks to reduce the child support arrearages that were determined by state proceedings culminating in a state court judgment.[5] Laskowski complains of injuries caused by that adverse judgment for child support arrearages. The state court judgment was rendered prior to the commencement of proceedings in federal district court. Laskowski's request to reduce arrearages would amount to a review of the state court decision. Under *Exxon Mobil*, this court does not have subject matter jurisdiction to grant the relief sought. Laskowski's quest to reduce child support arrearages is simply not a matter that this federal court may properly entertain.

### B. **Federal Question Claims**

Laskowski also presents 42 U.S.C. § 1983 claims arising from alleged violations of 5th, 7th, and 14th Amendment rights.[6] A federal district court typically holds subject matter

---

[5] "Wherefore, Charles A Laskowski prays this Honorable Court reduce the arrearage judgment and modify the [state] order of August 1, 2001. Charles A Laskowski prays for general relief." (Dkt. 1-1, p. 8). *See also* "Count 4 . . . Texas Child Support Amounts." (*Id.* at p. 10) (section detailing perceived reasons why the amount of child support owed by Laskowski was incorrectly determined).

[6] Laskowski apparently attempts to establish subject matter jurisdiction by citing language in the Child Support Recovery Act ("CSRA"), 18 U.S.C. § 228. (Dkts. 34, pp. 2, 4; 43, pp. 2, 4). Laskowski misreads § 228 because the CSRA is a criminal law that aids the enforcement of unpaid interstate child support obligations. *See U.S.*

4

jurisdiction over a § 1983 claim. However, the *Rooker-Feldman* doctrine can effectively remove subject matter jurisdiction even when the complaint nominally asserts a federal question claim. A federal district court may not review a constitutional claim that is "inextricably intertwined" with a state court judgment. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).

Despite having narrowed the application of the *Rooker-Feldman* doctrine back to its original scope, *Exxon Mobil* apparently left undisturbed the "inextricably intertwined" branch of that doctrine. 544 U.S. at 286 n.1 (tracing the origin of that phrase to *Feldman*, 460 U.S. at 482 n.16, 486-87 (1983); *see also Armant v. West,* 155 Fed. Appx. 130 (5th Cir. 2005) (a post-*Exxon Mobil* case applying the inextricably intertwined test ).

Although dressed in constitutional terms, the thrust of Laskowski's civil rights claims is directed against the child support judgment. Laskowski asserts "that his civil rights were violated when the state court issued a child support judgment for the arrearages."[7] Laskowski additionally asserts that his civil rights were violated by the State Defendants, arising "out of the child support process."[8] What the court is really being asked to review

---

        *v. Bailey*, 115 F.3d 1222, 1233 (5th Cir. 1997). The CSRA does not confer civil jurisdiction over child custody disputes, nor is there an implied private cause of action under this criminal law.

[7]    Dkts. 34, p. 3; 43, p. 3.

[8]    Dkt. 43, p. 2.

here, under the guise of 42 U.S.C. § 1983, is the child support decision by the state court.[9]

Evaluation of Laskowski's § 1983 claims would therefore require an impermissible review of state court proceedings. *See Feldman*, 460 U.S. at 486 ("[District Courts] do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 (5th Cir. 1994) ("The federal courts do not have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) ("litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits"). Laskowski's claims depend on, and specifically arise from, the adjudicative process that resulted in the arrearages judgment. *See Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir. 1985) (noting the propriety of district court's dismissal of suit for want of jurisdiction when the "essential relief" sought was a collateral attack seeking reversal of a state court judgment). Laskowski's claims are nothing more than an impermissible collateral attack on the validity of the arrearages judgment. Because such claims are "inextricably intertwined" with

---

[9] *See Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 (5th Cir. 1994) ("Musslewhite couched some of his averments in the language of a general constitutional attack on the State Bar's scheme of disciplining attorneys. Merely using catch phrases, however, will not vest the federal district court with the jurisdictional authority to entertain the action. This is about substance, not form. Instead, we must ascertain what the court really is being asked to review.").

Laskowski's claim directly challenging the state court judgment, this court cannot review them.

To the extent that Laskowski attacks the constitutionality of the Texas child support system, such claims also amount to challenges of the constitutionality of the system as applied to him. Consideration of such claims would likewise amount to an impermissible review of a state court judgment. *See Musslewhite*, 32 F.3d at 946-47.

### C.   Negligence, Breach of Contract, and Infliction of Emotional Distress

Other claims brought by Laskowski assert negligence, breach of oral or implied agreement, and infliction of emotional distress. These claims similarly arise from the process of determining child support payments owed by Laskowski. For reasons already discussed, such claims are inextricably intertwined with the child support arrearages judgment, and fall beyond the subject matter jurisdiction of this court. *See Musslewhite,* 32 F.3d at 947 (finding it unnecessary to separately analyze each claim when all of the claims are related to a state court judgment).

### III.   CONCLUSION

This court lacks subject matter jurisdiction over Laskowski's claims by virtue of the *Rooker-Feldman* doctrine. Accordingly, defendants' motions to dismiss are GRANTED. Laskowski's claims against defendants Attorney General of Texas, Beatrice Duron, Randy Boykin, and Michelle Laskowski Vinson will be dismissed with prejudice.

Signed at Houston, Texas on August 25, 2006.

                                          _____
                                                    Stephen Wm. Smith
                                              United States Magistrate Judge